FILED

2007 MAR 28 AM 9: 16

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.:

6:07-cv-540-ORL-31 KRS

RONALD HARTSFIELD, on behalf of
himself and those similarly situated,

      Plaintiff,

v.

EXPRESS SHIPPING & TOWING, INC.,
a Florida Corporation and ALAN D. POTTER,
Individually,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, RONALD HARTSFIELD ("Plaintiff"), was an employee of Defendant, EXPRESS SHIPPING & TOWING, INC., a Florida Corporation ("EXPRESS") and ALAN D. POTTER (collectively "Defendants"), and brings this action for minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a truck driver and laborer and performed related activities for Defendant in, among others, Seminole and Orange County, Florida.

2. Defendant, EXPRESS, is a Florida corporation that operates and conducts business in, among others, Seminole and Orange County, Florida, and is therefore, within the jurisdiction of the Court.

3. At all times relevant to this action, ALAN D. POTTER was an individual resident of the State of Florida, who owned and operated EXPRESS and who regularly exercised the authority to: (a) hire and fire employees of EXPRESS; (b) determine the work schedules for the employees of EXPRESS; and (c) control the finances and operations of EXPRESS. By virtue of having regularly exercised that authority on behalf of EXPRESS, ALAN D. POTTER is an employer as defined by 29 U.S.C. 201 *et. seq.*

4. This action is brought under the FLSA to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every truck driver and laborer who worked for the Defendants at any time within the past three (3) years.

5. At all material times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

6. At all times relevant to his action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff, and those similarly situated to him, was paid at the minimum wage for each hour worked within a work week.

7. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated to him are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGES

8. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7 above.

9. Plaintiff, and those similarly situated to him, are/were entitled to be paid minimum wage for each hour they worked during their employment with Defendant.

10. Plaintiff, and those similarly situated to him, have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same. As a result of Defendants' actions in this regard, Plaintiff, and those similarly situated to him, have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

11. Defendants willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

12. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated to him, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RONALD HARTSFIELD, and all other similarly situated employees, demand judgment against Defendants, jointly and severally, for the payment compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 12th day of March 2007.

MORGAN & MORGAN
Attorneys for Plaintiff
284 South University Drive
Fort Lauderdale, Fl. 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Janet@cellerlegal.com

Janet Peralta Ochoa, Esq.
FL Bar No. 0119717