**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RONALD HARTSFIELD,**

          **Plaintiff,**

**-vs-**                                     **Case No. 6:07-cv-540-Orl-31KRS**

**EXPRESS SHIPPING & TOWING, INC.,
and ALAN D. POTTER,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 20)**
>
> **FILED:**   **December 4, 2007**

On March 28, 2007, Plaintiff Ronald Hartsfield filed a complaint against Express Shipping & Towing, Inc. (Express) and Alan D. Potter alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc. No. 1. The complaint asserted claims by Hartsfield "on behalf of himself and those similarly situated." *Id.* at 1 caption; *see also id.* ¶¶ 4, 6, 7, 9, 10, 12; Count I Prayer for Relief. On April 6, 2007, the complaint was amended to add

a claim for retaliation against the defendants pursuant to § 448.101, *et seq*., Florida Statutes. Doc. No. 5.

The amended complaint was served on Express and Potter on June 18, 2007. Doc. Nos. 13, 14. Thereafter, Potter filed a Suggestion of Bankruptcy, indicating that a petition under chapter 7 of the bankruptcy code had been filed. Doc. No. 12. Based on the Suggestion of Bankruptcy, the Court stayed the case as to Potter. Doc. No. 15. Express did not answer the amended complaint. Accordingly, at Hartsfield's request, the Clerk of Court entered a default against Express. Doc. No. 17.

On January 18, 2008, the Honorable Gregory A. Presnell, presiding district judge, dismissed the claims against Potter at Hartsfield's request following the conclusion of the bankruptcy proceeding. Doc. No. 23. No additional plaintiffs have filed opt-in notices.

Hartsfield seeks entry of a default judgment against Express solely on the causes of action arising under the FLSA. Doc. No. 20. Accordingly, Hartsfield has abandoned his claim under § 448.101, *et seq.*, Florida Statutes. The motion was served on Express. Doc. No. 20 at 5. Express had not filed a response to the motion as of the writing of this report, and the time for doing so has passed. Therefore, the motion is ripe for consideration.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint

to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A defendant whose answer is stricken as a sanction under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C) admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment. *See, e.g., DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127-29 (M.D. Ala. 2004). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer

convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

**III.   ANALYSIS.**

A.   *Allegations of the Complaint*.

Hartsfield was employed as a truck driver and laborer by Express. Doc. No. 5 ¶ 1. Express was an enterprise covered under the FLSA, and Hartsfield engaged in commerce as defined by the FLSA. *Id.* ¶ 5.

During the time that Hartsfield worked for Express, Express willfully failed to pay him the minimum wage due under the FLSA for one or more weeks. *Id.* ¶¶ 11, 12. Hartsfield submitted written notification to Express that certain of its practices were in violation of federal and Florida laws, rules, and regulations. *Id.* ¶ 17. Express terminated Hartsfield as a direct result of, and in retaliation for, making such complaints. *Id.* ¶ 18.

B.   *Liability*.

1.   <u>FLSA Minimum Wage Claim</u>.

To establish a claim for payment of minimum wages under the FLSA, Hartsfield must establish the following:

First, that he was employed by Express during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendant failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Express admits that it employed Hartsfield during the time period involved in this case. It admits that it was an enterprise covered under the FLSA and that Hartsfield was engaged in commerce. It admits that it failed to pay Hartsfield a minimum wage as required by the FLSA. Ordinarily, these allegations would be sufficient to establish that Express is liable to pay Hartsfield minimum wages he is owed for his work. However, as discussed below, Hartsfield's sworn statement submitted in support of an award of damages establishes that Express paid him more than the minimum wage required by law for his work.

C.   *Damages*.

1.   Minimum Wages under the FLSA.

Under the FLSA, Hartsfield is entitled to be compensated for the difference between the wages he received and $5.15 per hour for work he performed. 29 U.S.C. § 206(a)(1). Hartsfield avers that from September 21, 2006 until November 22, 2006, he worked for Express as a tow truck operator. Doc. No. 20-3 ¶ 2. During his employment, he was paid a salary of $550.00 per week. *Id.* ¶ 3. During each of the nine weeks he worked for Express, he worked 75 hours per week. *Id.* ¶ 4. He does not attest that Express failed to pay him the agreed salary in any week. Rather, a fair reading of his declaration reflects that he was paid the equivalent of $7.33 per hour for all hours worked in each week. *See id.* ¶ 6.[1] Hartsfield's evidence is, therefore, insufficient to support his claim of violation

---

[1] In his declaration, Hartsfield avers that he is owed one-half his regular hourly rate for hours worked in excess of 40 hours a week. Because Hartsfield did not allege a violation of the overtime provisions of the FLSA, Express is not deemed to have admitted that it violated those provisions. Therefore, Hartsfield has not establish that Express is liable for violation of the overtime provisions of the FLSA.

of the FLSA minimum wage provision. Based on Hartsfield's declaration that reflects that he was paid the minimum wage due under the FLSA, a hearing on damages is not necessary.

### D. Attorney's Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce §§ 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

No judgment will be awarded to Hartsfield because he failed to establish that he was damaged. For this reason, he is also not a prevailing party entitled to an award of costs. *Cf. Arrington v. City of Macon*, 991 F. Supp. 1474, 1476 (M.D. Ga. 1998)(a district court found that plaintiffs did not prevail under the FLSA because defendants cured the violation within a "window of correction" permitted by the law). Therefore, an award of attorney's fees and costs is not appropriate.

## V. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **DISMISS** the FLSA cause of action as it relates to employees of Express other than Hartsfield, **DISMISS** the alleged violation of § 448.101, *et seq.*, Florida Statutes for failure of prosecution, and **DENY** the Motion for Entry of Default Final Judgment (Doc. No. 20) with prejudice based on Hartsfield's admission in his declaration that he received all minimum wages due under the FLSA. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and

Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy